DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, William Beck, appeals from a judgment of the Fulton County Court of Common Pleas adopting the magistrate's decision in its entirety. The magistrate found the cancellation and mutual release of any agreements between the parties to be valid and binding and issued judgment for appellee, Gerald Short. For the reasons that follow, we affirm. *Page 2 
 {¶ 2} The magistrate made the following findings. In 1987, the parties entered into a contract for the sale of appellee's business, an automotive dealership, to appellant, along with a lease of certain real estate. Neither party was able to produce an actual signed copy of the transaction, but they stipulated to its existence.
 {¶ 3} A release was signed by both parties on October 15, 1991. Appellant acknowledged that he read the document before he signed it. In 2004, appellant brought suit against appellee for damages resulting from the alleged breach of certain agreements between the parties in 1987. The parties agreed that the release was the central focus of the lawsuit and that, if valid, it would defeat appellant's claims. Appellant argued that the release was not valid because it was signed under duress and coercion.
 {¶ 4} The magistrate found the release to be valid and binding. In doing so, the magistrate found the language of the release to be plain and obvious in establishing that it was the desire of the parties to privately resolve their disputes which had arisen out of their prior agreements, without any liability following them from their prior agreement. The magistrate also found that there was no credible evidence presented to establish that appellant executed the release as a result of coercion or duress.
 {¶ 5} Appellant filed objections to the magistrate's decision and requested a hearing "on the grounds that the finding is contrary to evidence and other bases, as well as evidence set forth at hearings." The trial court overruled appellant's objections and adopted the magistrate's decision in its entirety noting that appellant had not provided the trial court with a transcript of the proceedings before the magistrate. Appellant now appeals that judgment setting forth the following assignments of error: *Page 3 
 {¶ 6} "I. The Court Erred in Dismissing Appellant's Complaint.
 {¶ 7} "II. The Court Erred in Not Granting a Hearing to Appellant on his Objections From the Order of the Magistrate."
 {¶ 8} In his first assignment of error, appellant contends that the trial court erred in adopting the magistrate's decision. In his second assignment of error, appellant contends that the court erred in not holding a hearing on his objections to the magistrate's decision. They will be considered together.
 {¶ 9} "An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection. * * * An objection to a factual finding, * * * shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Civ. R. 53 (D)(3)(b)(ii)(iii). When appellant does not provide the trial court with any transcripts of the proceedings in support of his objections to the magistrate's decision as prescribed by Civ. R. 53, the appellate court's review of the court's findings is limited to a determination of whether the trial court abused its discretion in accepting the magistrate's finding. State ex rel. Duncan v. Chippewa Twp. Trustees, (1995)73 Ohio St.3d 728, 729. An abuse of discretion indicates more than an error of law or judgment, it suggests that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 10} In this case, the trial court made clear that appellant did not support his objections to the magistrate's decision with a transcript as prescribed by Civ. R. 53. *Page 4 
Further, the objection was vague and stated no particular grounds for the objection. Since there could be no dispute as to the facts, the trial court reasonably stated there was no need for further hearings on the issue. The trial court could have elected to hold a hearing, but was under no obligation to do so. The trial court correctly noted that the magistrate's decision was well reasoned and thought out and that the conclusions and reasoning were clear. Finding no abuse of discretion, appellant's assignments of error are not well-taken.
 {¶ 11} On consideration whereof, the judgment of the Fulton County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Arlene Singer, J., CONCUR. *Page 1